·SETH CUSTER v. THE STATE.

No. 2961. Decided April 19, 1905.

**Sunday Law—Evidence—Ownership—Grand Jury.**

Where upon trial for a violation of the Sunday law, the only question was whether the defendant was the owner of the saloon alleged to have been kept open on Sunday at the time, it was error to permit the introduction in evidence, to prove such ownership, of four other indictments against defendant for a similar offense at other times. The fact that the grand jury found that the defendant kept a saloon was not admissible to prove that fact on the trial.

Appeal from the County Court of Travis. Tried below before Hon. James R. Hamilton.

Appeal from a conviction of a violation of the Sunday law, by keeping open his place of business for traffic on Sunday; penalty, a fine of $20.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of keeping open his place of business for traffic on Sunday, and his punishment assessed at a fine of $20; hence this appeal. There is no question but that the saloon known as the "Johnson Grass Saloon" was kept open on Sunday, February 14th, the day alleged. The defense set up was that at that time the saloon belonged to one Anderson, and not to appellant. Testimony was introduced pro and con on this issue. The State's testimony tended to show that appellant was the owner of the saloon, and defendant's testimony tended to show that Anderson at that time owned the saloon, he having bought out appellant. In this attitude of the case, the State was permitted, over appellant's objection, to introduce four other indictments against appellant for keeping said saloon open on Sunday to wit: On February 7, 1904, on February 21, 1904, on February 28, 1904, and on March 6, 1904—said dates being Sunday. All these indictments were objected to on various grounds, particularly that

the county attorney could not show that because said indictments alleged that defendant was a dealer in goods, wares and merchandise, and a lawful business to wit: that of a saloon keeper, on said days set out in each indictment, that same was really a fact; that because the grand jury found said fact, the jury now trying the case could not for any purpose whatever consider as a circumstance what the grand jury did or did not do. The State, through the county attorney, insisted that said indictments were admissible as a circumstance to show a bogus sale as between appellant and Victor Anderson; that is, said indictment as returned by the grand jury would be a circumstance to show that appellant had the saloon in Anderson's name during the time covered by said indictment only as a bogus sale, and that Custer (defendant) really owned it. The court seems to have entertained this view and admitted the testimony. In explanation the court says: "The facts in the case show that defendant Custer owned and operated the 'Johnson Grass Saloon' for some time prior to January 23, 1904; the facts further showed that the grand jury of Travis County was convened for work on the first Monday in January, 1904; the theory of the State was, that as soon as defendant found out the grand jury was making investigations at 'Johnson Grass' he made a pretended sale of the property until such time as he thought the grand jury would adjourn, and then took possession of his property again. It was upon this theory that the court permitted the county attorney to introduce in evidence the other indictments against defendant covering the time from February 7, 1904, to March 13, 1904, as a circumstance to be considered along with the record testimony, and other testimony, for whatever it might be worth, to show that defendant owned the saloon during that time." We cannot regard this as even a plausible reason for the admission of this character of testimony. It would be a monstrous doctrine to hold that the findings of a grand jury in other cases would be admissible against an accused, as tending to prove the facts therein stated. Here it was simply a question of ownership of the saloon on the particular date. It would certainly be as admissible, and we believe more cogent, to authorize the introduction of the indictment in the particular case on trial, as proof or as a circumstance to prove that appellant owned the saloon at that time, because the grand jury indicted him, as to hold that other indictments charging similar offenses about the same time were admissible against appellant as tending to show the fact of ownership therein stated by the grand jury. We know of no authority upholding this doctrine. Because of the admission of this character of testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*